UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GEORGE BANKS, | ) |
|        Petitioner, | ) |
| v. | ) No. 2:17-cv-00294-WTL-DLP |
| J. E. KRUEGER Warden, | ) |
|        Respondent. | ) |

**Entry Granting Writ of Habeas Corpus and Directing Entry of Final Judgment**

**I.**

George Banks is in federal custody in this District at the United States Penitentiary in Terre Haute, Indiana. He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing that the Federal Bureau of Prisons ("BOP") improperly denied his request for a retroactive designation under 18 U.S.C. § 3621. For the reasons explained below, the BOP's denial of Mr. Banks's request was based on an error of law and thus constitutes an abuse of discretion. Mr. Banks's § 2241 petition is therefore **granted**.

**II.**

Mr. Banks was arrested and placed in Pennsylvania state custody on February 25, 2011. He was indicted on federal charges on March 16, 2011. During the subsequent months, Mr. Banks made multiple appearances in federal court pursuant to a writ of habeas corpus ad prosequendum, before being returned to state custody. On May 10, 2013, Mr. Banks was sentenced to 120 months' imprisonment in the United States District Court for the Middle District of Pennsylvania ("the federal sentence"). The federal district court made no decision regarding whether the federal

sentence would run concurrently or consecutively with any future state sentence. Mr. Banks was returned to state custody and the federal judgment was filed as a detainer.

The next month, on June 13, 2013, Mr. Banks was sentenced in state court to two to five years' imprisonment for various crimes ("the state sentence"). He was not given any jail credit. Mr. Banks asserts in his habeas petition that the state court ordered his state sentence to run concurrently with his federal sentence.

Mr. Banks remained in state custody until July 2, 2015, when his state sentence was completed. He was then transferred to federal custody. The BOP credited 839 days—from February 25, 2011 (the date of his arrest) to June 12, 2013 (the date before the state sentence)—to Mr. Bank's federal sentence, as these days were not credited to his state sentence. But Mr. Banks was not credited any days for the time he spent serving his state sentence.

Mr. Banks submitted a Request for Administrative Remedy with the BOP, asking that his federal sentence run concurrently with the state sentence. In his request, he stated: "I am requesting a nunc pro tunc designation so that my state [and] federal conviction[s] [and] sentences will run concurrent[ly]. The state ordered my sentences to run concurrent[ly] plus I meet all of the criteria listed in *Barden v. Keohane*." Dkt. No. 7-13 at 2. The BOP treated the request as one for "nunc pro tunc or retroactive designation," and denied the request. Dkt. No. 7-16 at 2. The BOP considered the five factors under 18 U.S.C. § 3621(b), Dkt. No. 7-15 at 2, and it determined that the relevant factors were . . . (2), (3), and (4)," Dkt. No. 7-16 at 2. It then explained:

> The federal judgment was silent on whether your sentence should run consecutively or concurrently to any other sentence. Pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently. Nevertheless, the federal sentencing court was contacted for a statement concerning its position on a retroactive designation. The federal sentencing court has not yet provided a recommendation concerning a retroactive designation.

> Based on the foregoing, the [BOP] has determined that a retroactive concurrent designation is not appropriate in you case.

*Id.*

### III.

Mr. Banks challenges the BOP's denial of his request for a retroactive designation. He maintains that the BOP improperly denied him credit toward his federal sentence for the more than two years that he spent in state custody. The respondent disagrees.

The Attorney General is responsible for computing the terms of imprisonment of federal prisoners. *See United States v. Wilson*, 503 U.S. 329, (1992). The computation of a federal sentence is governed by 18 U.S.C. § 3585. The statute contains a two-step determination: (1) the date on which the federal sentence commenced; and (2) whether it is appropriate for any credit to be awarded for time spent in custody before the federal sentence commenced. *See* 18 U.S.C. § 3585.

"Under the doctrine of primary custody, an inmate's federal sentence may only commence after the government exercises primary jurisdiction over him." *Pope v. Perdue*, --- F.3d ----, 2018 WL 2057464, *3 (7th Cir. May 3, 2018). "In general, the sovereign that first arrests a defendant takes primary custody over him." *Id.* Here, it is undisputed that Mr. Banks was in state custody from when he was first arrested by state authorities until July 2, 2015, when he completed his state sentence and was transferred to federal custody. This is the date Mr. Banks's federal sentence commenced under § 3585(a). *See id.* at *4.

Pursuant to 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for

which the sentence was imposed; that has not been credited against another sentence." As noted above, Mr. Banks received 839 days for the time from his arrest until his state sentence began, but he did not automatically, pursuant to § 3585(b)(2), receive credit for the time he was serving his state sentence. The parties do not dispute that this was proper. *See Wilson*, 503 U.S. at 337 ("Congress made clear [in § 3585(b)] that a defendant could not receive double credit for his detention time.").

Whether the BOP properly denied Mr. Banks's request for a retroactive designation, however, presents a different question. Pursuant to § 3621(b), the BOP can retroactively designate a non-federal facility as an inmate's place of incarceration, which in practical terms would allow individuals such as Mr. Banks to have their state sentence be credited toward their federal sentence.

In denying Mr. Banks's request for a retroactive designation, the BOP considered the five factors found in § 3621(b) and concluded that "the relevant factors under 18 U.S.C. § 3621(b) are (2), (3) and (4)." Dkt. 7-16 at 2. Sections 3621(b)(2) & (b)(3) require consideration of "the nature and circumstances of the offense" and "the history and characteristics of prisoner."

But critical here is § 3621(b)(4), which in relevant part requires the BOP to consider "any statement by the court that imposed the sentence." The federal sentencing court was silent with respect to whether the federal sentence should run consecutively or concurrently to his state sentence. Given this silence, the BOP relied on § 3584(a) to apply a presumption that the sentences should run consecutively, explaining as follows: "The federal judgment was silent on whether your sentence should run consecutively or concurrently to any other sentence. Pursuant to 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the Court orders that the terms are to run concurrently. . . . Based on the foregoing, the

[BOP] has determined that a retroactive concurrent designation is not appropriate in you case." Dkt. No. 7-16 at 2. The BOP discussed only this factor in the letter explaining its decision.

The BOP's reliance on the presumption in § 3584(a) that sentences run consecutively was improper in this case. The Supreme Court in *Setser v. United States*, 566 U.S. 231 (2012), held that § 3584(a) does not prevent a federal district court from ordering that a federal sentence run consecutively or concurrently "to an anticipated state sentence that has not yet been imposed." *Id.* at 233. In reaching this conclusion, the Supreme Court made clear that the presumption in § 3584(a) "does not cover th[e] situation" where "the state sentence is not imposed at the same time as the federal sentence, and the defendant was not already subject to that state sentence [at the time of the federal sentencing]." *Id.* at 234-35.

Mr. Banks was in this precise situation—his state sentence was imposed after his federal sentence. Given *Setser*, the Seventh Circuit recently held that for individuals like Mr. Banks, the BOP's reliance on the presumption in § 3584(a) is an abuse of discretion. *See Pope*, 2018 WL 2057464, at *3 ("The Supreme Court has explicitly prohibited the BOP from [relying on the § 3584(a) presumption] for defendants who . . . had not yet receive their state sentence when their federal sentence was imposed."); *see also Mangum v. Hallembaek*, 824 F.3d 98, 102 (2d Cir. 2016) (relying on *Setser* to hold that "the federal sentencing judge's silence does not and cannot give rise to a statutory presumption that the federal sentence should be deemed intended as a consecutive sentence to the later imposed state sentence. We reject the government's contention that the plain language of § 3584(a) creates a presumption, in any and all circumstances, that multiple terms of imprisonment will run consecutively unless expressly stated otherwise").[1]

---

[1] The respondent, relying on *Romandine v. United States*, 206 F.3d 731, 737 (7th Cir. 2000), argues that a district court does not have the authority to order that a federal sentence run consecutively or concurrently to an anticipated state sentence that has not yet been imposed. While *Romandine*

Accordingly, the BOP abused its discretion in denying Mr. Banks's request for a retroactive designation, and his habeas petition must be granted.

**IV.**

For the reasons explained above, the BOP abused its discretion in denying Mr. Banks's request for a retroactive designation, and his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is therefore **granted**. The BOP must reconsider Mr. Banks's request for retroactive designation. In considering his request, the BOP shall not invoke any presumption under 18 U.S.C. § 3584(a) and shall fully evaluate all relevant factors under 18 U.S.C. § 3621(b) in a fashion consistent with this opinion.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 5/23/18

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

GEORGE BANKS
69889-067
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Electronically Registered Counsel

---

supports this proposition, it no longer controls after the Supreme Court's decision in *Setser*, which the respondent fails to address in his brief. While the respondent filed his brief before the Seventh Circuit decided *Pope*, *Setser* was decided over six years ago. The respondent should ensure that the legal positions he takes in his briefs are not contrary to Supreme Court law, or alternatively, recognize contrary precedent and explain why it should not govern this case.