UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GEORGE BANKS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:17-cv-00294-JPH-DLP |
| ) | |
| J. E. KRUEGER, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING POST JUDGMENT RELIEF**

On May 23, 2018, the Court granted Petitioner George Banks' habeas petition brought pursuant to 28 U.S.C. § 2241 and entered Final Judgment. As a result of this ruling, the respondent or his designee was ordered to reconsider within 90 days the petitioner's request for retroactive designation asking that petitioner's federal sentence run concurrently with his state sentence without invoking any presumption under 18 U.S.C. § 3584(a).

Nearly a year and a half later, on November 8, 2019, the petitioner filed a document titled, "Petitioner's Motion to Compel the Respondent to Properly Answer the Court's Order or in Alternative Issue an Order Granting the Sentence Redesignation as Concurrent, as Nunc Pro Tunc." Dkt. 15. In particular, Mr. Banks wants this Court to Order that his federal sentence be served concurrently with his state sentence. The United States was directed to respond to this motion brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and Mr. Banks filed a reply.

In response, the United States explained that the Bureau of Prisons ("BOP") complied with the Court's Order and did a full review for retroactive designation under the relevant factors of 18 U.S.C. § 3621(b). In conducting the review, the BOP did not rely upon any presumption under 18

1

U.S.C. § 3584(a) regarding whether the state and federal sentences were to run concurrently. The BOP ultimately determined that it was not appropriate to apply the retroactive designation in Mr. Banks' case. *See* dkts. 13 and 13-1 (June 28, 2018, Declaration) and 13-2 (June 28, 2018, 18 U.S.C. § 3621(b) Worksheet).

Rule 60(b) provides the opportunity for a litigant to seek relief from a Judgment or Order under certain circumstances. Because of the societal interest in the finality of judgments, relief under Rule 60 has been described as "an extraordinary remedy. . . granted only in exceptional circumstances." *Dolin v. GlaxoSmithKline LLC*, 951 F.3d 882, 886 (7th Cir. 2020). Rule 60 paragraphs (b)(1) through (b)(5) specify five grounds for relief from a final judgment, order, or proceeding, such as fraud, mistake, newly discovered evidence, and a void or satisfied judgment. "Paragraph (b)(6) provides a sixth, catchall ground: 'any other reason that justifies relief.'" *Dolin*, 951 F.3d at 888–89.

Mr. Banks argues that he is entitled to relief because the BOP did not follow the Court's directives. Had it done so, Mr. Banks argues, it would have found that the State prison was an acceptable place to do prison time. Mr. Banks now asks this Court to grant his request for concurrent sentencing.

Mr. Banks' motion is **denied.** The record reflects that the BOP complied with the Judgment issued May 23, 2018, by issuing a new review of Mr. Banks' motion for retroactive designation. The BOP has discretion to calculate a federal prisoner's sentence and there was no error in the Court relying on the BOP to exercise that authority. *See United States v. Wilson*, 503 U.S. 329, (1992).

A review of how the BOP exercised that authority the second time is outside the scope of this action. Nothing in this Entry prohibits Mr. Banks from filing a new § 2241 habeas petition in

his new district of confinement to challenge the BOP's June 2018 evaluation of his request for retroactive designation.

The decision and Judgment of May 23, 2018 were correct such that no relief from that Judgment is warranted. The Rule 60(b) motion is **DENIED.**

**SO ORDERED.**

Date: 6/2/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

GEORGE BANKS
69889-067
FAIRTON – FCI
FAIRTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 420
FAIRTON, NJ 08320

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov